DECISION AND JOURNAL ENTRY
Appellant, Gwendolyn Knight, appeals the order of the Summit County Court of Common Pleas, Juvenile Division, that terminated her parental rights with respect to her five minor children. We affirm.
Appellant and Lawrence Moorer[1] are the parents of five children: Lotay Knight, born August 12, 1988; Lateefa Moorer, born June 22, 1991; Lavonta Moorer, born April 12, 1993; Keniah Knight, born September 3, 1995; and Spiritual Knight, born November 15, 1996. On April 8, 1998, the children were taken into custody by Akron police pursuant to Juv.R. 6(A)(3) when it was discovered that Appellant had left the children with their maternal grandmother and failed to return for them. The Summit County Children Services Board (CSB) filed a complaint on April 9, 1998, alleging that the children were neglected and dependent. On April 10, 1998, the children were placed in emergency temporary custody with CSB. CSB amended the complaint to request an alternative disposition of permanent custody on May 1, 1998. Prior to the hearing on the amended complaint, the parties reached an agreement that the children would be adjudicated neglected and dependent and placed in the temporary custody of CSB.
Accordingly, the children were adjudicated dependent and neglected on June 24, 1998, and placed in temporary custody. The amended case plan approved by the trial court noted the parents' drug and alcohol abuse and mental and emotional instability. The case plan also observed that the parents had not provided adequate housing for the children and had not required them to attend school. Accordingly, the case plan required Appellant to refrain from drug and alcohol use; acquire and maintain stable and suitable housing; demonstrate emotional and mental stability by undergoing psychological evaluation and treatment; and consistently meet the physical, emotional, and medical needs of the children. Temporary custody was continued on September 18, 1998.
On October 8, 1998, CSB filed a second motion for permanent custody. In a series of pretrial statements, CSB acknowledged that placement of the children in the legal custody of a maternal uncle could be an appropriate alternative to permanent custody provided that he obtained sufficient housing. On January 8, 1999, Appellant moved the trial court for placement of the children in the legal custody of their uncle, Mr. Jay Knight. The trial court denied the motion for legal custody and granted permanent custody to CSB on February 2, 1999. Appellant timely appealed, raising one assignment of error.
ASSIGNMENT OF ERROR
 The trial court erred as a matter of law in not granting the biological mother's motion for legal custody to a relative as such finding was not in the best interest of the children and against the manifest weight of the evidence.
In her assignment of error, Appellant has argued that the trial court's determination that granting permanent custody to CSB was in the best interests of the children was in error because the manifest weight of the evidence supported placement of the children in the legal custody of their uncle.
Termination of parental rights is sanctioned when necessary for the welfare of a child, but is an "alternative of last resort." In re Wise (1994), 96 Ohio App.3d 619, 624. Termination of parental rights with respect to a child who is not orphaned or abandoned is governed by R.C. 2151.414(B)(1), which provides:
 The court may grant permanent custody of a child to a movant if the court determines * * *, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that * * *:
 (1) The child is not abandoned or orphaned and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
This is a two-part inquiry, requiring courts to determine by clear and convincing evidence (1) if the child cannot or should not be placed with either parent within a reasonable time, and (2) whether it is in the best interest of the child to grant permanent custody to the petitioning agency. In re Higby (1992), 81 Ohio App.3d 466,469. The conclusion that a child cannot be placed with his or her parent within a reasonable time or should not be placed with a parent requires a finding by the trial court, by clear and convincing evidence, that at least one of the factors enumerated in R.C. 2151.414(E) is present. R.C. 2151.414(D)(4) provides that in determining the best interests of a child, a court should consider all relevant factors, including:
 The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; [and]
* * *
 The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
Appellant has argued that the trial court's determination that the best interests of the children would be served by granting permanent custody is against the manifest weight of the evidence because the children's uncle was willing to assume legal custody. Specifically, Appellant has argued that the weight of the evidence does not support the court's conclusion that a legally secure placement for the children could not be achieved without granting permanent custody to CSB. She has also maintained that a disposition of legal custody would have served the best interests of the children by preserving their familial relationships, including the preservation of Appellant's residual parental rights.
This court has determined that:
 [t]he willingness of a relative to care for the child does not alter what a court considers in determining permanent custody. * * * In a permanent custody hearing, the court has the discretion to award legal custody to either parent or any other person who files a motion requesting legal custody. * * * Further, * * * [R.C.] 2151.353 does not require the juvenile court to consider placement with a relative before granting permanent custody.
(Citations omitted and emphasis added). In re Patterson
(Sept. 1, 1999), Summit App. No. 19276, unreported, at 14. R.C.2151.353(A) governs the dispositional alternatives authorized for a child who has been adjudicated dependent, providing, in part:
 If the child is adjudicated [a] * * * dependent child, the court may make any of the following orders of disposition:
(1) Place the child in protective supervision;
 (2) Commit the child to the temporary custody of a public children services agency, a private child placing agency, either parent, a relative residing within or outside the state, or a probation officer for placement in a certified family foster home or in any other home approved by the court;
 (3) Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child;
 (4) Commit the child to the permanent custody of a public children services agency * * * if the court determines in accordance with [R.C. 2151.414][.]
(Emphasis added.) In addition, a child services agency may request legal custody with a relative upon expiration of the deadline for permanent disposition of a case. R.C. 2151.353 and2151.415(A)(3).
Mr. Knight did not move for legal custody of the children. Accordingly, the trial court was neither required nor authorized to consider a disposition of legal custody with him. See In reLewis (Sept. 22, 1999), Lorain App. No. 98CA007237, unreported, at 4. See, also, In re Burmeister (Apr. 14, 1999), Summit App. No. 19157, unreported, at 11. Appellant's assignment of error, therefore, is without merit.
Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 LYNN C. SLABY FOR THE COURT BAIRD, P.J.
CARR, J. CONCUR
[1] Mr. Moorer has not appealed the judgment.